On the Merits.
LAND, J.
This is a suit for damages for personal injuries, and the cause of action is stated in the petition as follows, to wit:
“That on or about July 20, 1910, at about 5 p. m., your petitioner, together with his partner, Philip Thomas, signaled car No. 027 of the Coliseum line going uptown to stop on Magazine street and the entrance of the Audubon Park, in order to permit petitioner and said partner to board the said car. That the said car slowed down, and as it was about to stop petitioner’s partner got on ahead of petitioner, and petitioner grasped the handle bar to get on, but that the conductor of the car, before petitioner could safely get on, signaled the car to go ahead, and the car suddenly started before petitioner was safely on the ear, and threw your petitioner to the ground and inflicted the injuries hereinafter set forth.”
The defendant pleaded the general issue and contributory negligence, in that if plaintiff was injured at the time and place as alleged, he attempted to board the car “while it was moving so rapidly that it was evident to any one of ordinary understanding that it would be imprudent to make the attempt.”
The case was tried before the judge below, *899 who rendered judgment In favor of the defendant. Plaintiff appealed.
[3] The crucial question of fact in the case is whether the plaintiff attempted to get on the ear while it was in motion. The evidence is conflicting on this point, and we are not ablé to say that it preponderates in favor of the theory that the car had stopped. According to the allegations of the petition the car had slowed down and was about to stop when Thomas got on board. Plaintiff was immediately behind Thomas, and seized the rear grab handle with his left hand. Thomas testified that the car made a snatch or jerk, and then moved four or five feet and came to a stop.
The petition alleges that:
“The action of the conductor in signaling the car to go ahead was the sole cause of the accident.”
The preponderance of the evidence is clearly against the assumption that any such signal was given. The conductor and motorman testified that no such signal was given, and the vague statement of the plaintiff is the only testimony to the contrary. If any such signal had been given, the car would have moved forward until arrested by a.stop signal from the conductor.
The testimony of the plaintiff and of Thomas as to how the accident happened'is contradicted by their written statements, given a few days later to a detective in the employment of the defendant company.
The burden of proof is on the plaintiff to make out his case with reasonable certainty, and the presumption is that the judgment below is correct.
In cases of this kind the Supreme Court will not reverse the judgment below unless clearly against the preponderance of the evidence.
Judgment affirmed.